**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MELANGE CAFÉ LLC,

Plaintiff,

v. CIVIL ACTION NO. 2:20-cv-00441
(consolidated with Civil Action No. 2:20-cv-00442)

ERIE INSURANCE PROPERTY & CASUALTY COMPANY, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Plaintiffs Filmanatix and Melange Café's Motion to Remand* (Document 19), the *Memorandum of Law in Support of Plaintiffs Filmanatix and Melange Café's Motion to Remand* (Document 20), *Defendant Commissioner James Dodrill's Response to Plaintiffs' Motion to Remand* (Document 23), *Defendant Governor James C. Justice, II's Response to Plaintiffs' Motion to Remand* (Document 24), *Defendant Erie Insurance Property & Casualty Company's Response in Opposition to Plaintiffs' Motion to Remand* (Document 25), the *Plaintiffs' Filmanatix LLC and Melange Café LLC Reply in Opposition to Defendant Governor Justice's Response to Plaintiffs' Motion to Remand* (Document 26), and the *Plaintiffs' Filmanatix LLC and Melange Café LLC Reply in Opposition to Defendant Commissioner Dodrill's Response to Plaintiff's Motion to Remand* (Document 27), as well as the *Amended Complaint* (Document 1-1).[1]

---

1 Complaints filed in the pre-consolidation cases are identical in all material respects. For ease of reference, the Court will refer to the amended complaint filed in the lead case, 2:20-cv-441.

In addition, the Court has reviewed *Defendant James C. Justice, II's Motion to Dismiss* (Document 15), *Defendant James C. Justice, II's Memorandum of Law in Support of His Motion to Dismiss* (Document 16), the *Motion to Dismiss of James A. Dodrill, in His Official Capacity as the Insurance Commissioner of the State of West Virginia* (Document 17), and the *Memorandum of Law in Support of Commissioner Dodrill's Motion to Dismiss* (Document 18), as well as all attached exhibits. For the reasons stated herein, the Court finds that Defendants James C. Justice, II and James A. Dodrill must be dismissed as fraudulently joined, and the motion to remand must be denied.

## FACTS[2]

The Plaintiffs are West Virginia businesses that purchased Ultrapack Plus business insurance from Defendant Erie Insurance, a Pennsylvania corporation. Defendant Governor Justice is the Governor of West Virginia. Defendant Commissioner Dodrill is the Insurance Commissioner for West Virginia. Both Plaintiff businesses suffered losses as a result of the novel coronavirus pandemic and associated orders limiting business activity. Governor Justice issued Executive Order 9-20, temporarily ordering the closure of non-essential business activity within the state. Commissioner Dodrill signed Emergency Order 20-EO-02, which prohibits insurance companies from issuing cancellation or nonrenewal notices and provides COVID-related guidance.

The Plaintiffs allege that their policies provide coverage for loss of business income, extra expense coverage, and loss due to the actions of a civil authority, as well as physical loss and damage, and contain no exclusions for a pandemic or world health crisis. They assert that the

2 For purposes of the instant motion, the Court treats factual allegations contained in the complaints as true.

COVID-19 pandemic causes physical loss and damage, stressing that the virus can remain on surfaces for an extended period of time. They allege that Erie failed to pay their business interruption claims. The complaints allege breach of contract and insurance bad faith claims against Erie. The Plaintiffs also seek declaratory judgment that they "sustained direct physical loss or damage…as a result of COVID-19," that "COVID-19 is a covered cause of loss," that "the losses incurred…as a result of the orders issued by the Governor of West Virginia are covered losses," and that they are "entitled to coverage of loss(es) due to the actions of West Virginia's civil authorities, including the Governor of West Virginia." (Am. Compl. at ¶ 52.) They seek declaratory judgment that they were business impacted by the Governor's executive order, that the executive order recognized COVID-19 as a physical contaminant, that the executive order "triggered the civil authority provision of the policy," and that Erie's actions "are in violation of Commissioner Dodrill's emergency order directing insurers to consider the difficulties posed by the pandemic and the Governor's executive order. (*Id.*) The prayer for relief requests judgment against the Defendants for damages, declaratory and injunctive relief, costs and attorney's fees, and punitive damages.

Erie was served with the original complaints on May 29, 2020, and filed notices of removal on June 26, 2020. It asserts that federal diversity jurisdiction exists because the amount in controversy exceeds $75,000, the Plaintiffs are West Virginia citizens, it is a Pennsylvania citizen, and Defendants Justice and Dodrill are fraudulently joined such that their citizenship may be disregarded. The motion to remand was filed on July 28, 2020.

**STANDARD OF REVIEW**

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[3] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction

3 Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"The "fraudulent joinder" doctrine permits removal when a non-diverse party is (or has been) a defendant in the case . . .. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder

is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

The Hartley court went on to explain:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder…is proper in this case because courts should minimize threshold litigation over jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.*

**DISCUSSION**

The Plaintiffs assert that the Court lacks jurisdiction over this matter because there is not complete diversity, citing the West Virginia residency of Defendants Justice and Dodrill. They also assert that the notice of removal was defective because it was not joined by Defendants Justice and Dodrill. The Plaintiffs contend that Governor Justice and Commissioner Dodrill are proper

Defendants under West Virginia Code § 55-13-11 because the construction and impact of their orders are at issue. They argue that their interests were adversely affected by the governmental orders, and they "have standing to receive a declaration of their rights, status, or other legal relations in regard to Governor Justice and Commissioner Dodrill's orders." (Pl.'s Mem. at 6.)

Defendants Justice and Dodrill take no position with respect to the motion to remand. They each filed motions to dismiss, asserting immunity under the 11th Amendment to the United States Constitution, jurisdictional and standing defenses, and failure to state a claim. Both emphasize that the Plaintiffs' complaints do not identify any controversy or adverse interests between the Plaintiffs and Defendants Justice and Dodrill. The Plaintiffs argue that the motions to dismiss should be considered by the state court following remand.

Erie contends that removal was proper and that Defendants Justice and Dodrill should be dismissed as fraudulently joined. It emphasizes that the core of the suit is an insurance coverage dispute between the Plaintiffs and Erie. It contends that the orders issued by Governor Justice and Commissioner Dodrill simply provide factual background for that dispute but are not themselves the subject of any claim for relief. Erie further asserts that consent for removal from Defendants Justice and Dodrill was not required because they were fraudulently joined.

It is well-established that courts may only resolve justiciable controversies between adverse parties. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S.

227, 240–41 (1937) (internal citations omitted). The West Virginia Supreme Court recently reiterated its standard for determining justiciability under the Uniform Declaratory Judgment Act:

> In deciding whether a justiciable controversy exists sufficient to confer jurisdiction for purposes of the Uniform Declaratory Judgment Act, West Virginia Code §§ 55–13–1 to –16 (1994), a circuit court should consider the following four factors in ascertaining whether a declaratory judgment action should be heard: (1) whether the claim involves uncertain and contingent events that may not occur at all; (2) whether the claim is dependent upon the facts; (3) whether there is adverseness among the parties; and (4) whether the sought after declaration would be of practical assistance in setting the underlying controversy to rest.

Syl. Pt. 2, *City of Martinsburg v. Berkeley Cty. Council*, 825 S.E.2d 332 (W. Va. 2019) (quoting Syllabus Point 4, *Hustead on Behalf of Adkins v. Ashland Oil, Inc.*, 475 S.E.2d 55 (W.Va. 1996).

The Plaintiffs do not allege any wrongdoing by Governor Justice or Commissioner Dodrill, and they seek no relief from Governor Justice or Commissioner Dodrill.[4] The orders issued by Governor Justice and Commissioner Dodrill form part of the legal and factual background to the Plaintiffs' insurance claim. The Plaintiffs do not challenge the validity of those orders. The outcome of the suit has no potential impact on the orders. To the extent any interpretation of the orders may be required, it would be akin to the interpretation of any law, regulation, or order routinely performed by courts without requiring the participation of the regulatory body. Although the orders contributed to the harm or damages alleged by the Plaintiffs, they do not seek to enjoin those orders or to recover for their losses from the State of West Virginia. They simply seek insurance coverage for their losses, a claim in which Defendants Justice and Dodrill have no interest. By the terms of W.Va. Code § 55-13-11, relied upon by the Plaintiffs, they are not proper

4 Although the amended complaint seeks relief from the Defendants generally, the factual and legal claims do not suggest any avenue for relief from Defendants Justice or Dodrill, given that the harm alleged related only to the denial of insurance coverage, and not the issuance of the business closure orders.

parties for declaratory judgment because they have no "interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." W. Va. Code § 55-13-11. Therefore, the Court finds that the amended complaints do not state justiciable claims against Defendants Justice or Dodrill, and they must be dismissed as fraudulently joined for purposes of removal and remand.

Because Defendants Justice and Dodrill were not proper parties, their consent was not required for removal. "While the general rule requires all defendants to join in a removal petition, an exception is made in the case of fraudulent joinder." *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 663 (S.D.W. Va. 2003) (Faber, C.J.) Removal was procedurally proper, complete diversity exists between the remaining parties, and the amount in controversy appears to exceed $75,000. Therefore, the motion to remand should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Plaintiffs Filmanatix and Melange Café's Motion to Remand* (Document 19) be **DENIED** and that Defendant Commissioner James Dodrill and Defendant Governor James C. Justice, II be **DISMISSED** as fraudulently joined.

The Court further **ORDERS** that *Defendant James C. Justice, II's Motion to Dismiss* (Document 15) and the *Motion to Dismiss of James A. Dodrill, in His Official Capacity as the Insurance Commissioner of the State of West Virginia* (Document 17) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 31, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA